# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-2048

_____

Hollis Devin Martz

*Plaintiff - Appellee*

v.

Michael Barnes, Deputy Sevier County Detention Center; Kris Hundley, Deputy
Sevier County Detention Center; Thomas Jackson, Deputy Sevier County
Detention Center

*Defendant*s

Troy Cravens, Deputy Sevier County Detention Center

*Defendant - Appellant*

Matthew D. Webb, Deputy Sevier County Detention Center

*Defendant*

Chad Dowdle, Deputy Sevier County Detention Center; Robert Gentry,
Investigator Sevier County Detention; Wendell Randall, Deputy Sevier County
Detention Center; Christopher Wollcot, Deputy Sevier County Detention Center;
Sheriff Benny Simmons, Sevier County Sheriff's Department

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Submitted: December 3, 2019
Filed: December 9, 2019
[Unpublished]
_____

Before GRUENDER, WOLLMAN, and KOBES, Circuit Judges.
_____

PER CURIAM.

In this interlocutory appeal, Hollis Devin Martz, an inmate formerly detained at the Sevier County Detention Center, brought a 42 U.S.C. § 1983 action claiming, as relevant, that Deputy Wendell Randall, Deputy Chad Dowdle, Deputy Investigator Robert Gentry, Deputy Troy Cravens, Jail Administrator Christopher Wolcott, and Sheriff Benny Simmons used excessive force and were deliberately indifferent to his medical needs relating to a pepper-spray incident. Defendants have appealed the district court's denial of their motion for summary judgment on the basis of qualified immunity. We reverse and remand.

Martz alleged that on May 6, 2016, Randall, with Gentry and Dowdle present, deployed pepper spray toward an inmate who was causing a disturbance in the same cell where Martz was housed. The pepper spray missed the cell mate and hit Martz in his face, eyes, ears, and mouth, causing him to vomit and experience shortness of breath. Martz told Randall, Dowdle, Gentry, and Cravens that he had been hit, but was left overnight without a shower and was denied a clothes change and medical attention. Martz further alleged that Jail Administrator Wolcott became aware at some unspecified point that Martz had been hit with mace and conspired to deny him a clothes change, a shower, and medical attention, and that after being informed, Sheriff Simmons neglected his duties to oversee inmates' care by allowing the underlying officers' actions. The district court denied summary judgment, concluding

-2-

that while defendants did not use excessive force in the deployment of the pepper spray, they were not entitled to qualified immunity on the excessive-force and deliberate-indifference claims based on the denial of clean up and medical care after the pepper-spray incident.

We review the denial of qualified immunity de novo. See Thompson v. Monticello, 894 F.3d 993, 997-98 (8th Cir. 2018) (standard of review). Our review of the record satisfies us that Martz did not meet his burden of establishing that the law was clearly established such that a reasonable officer would have understood his actions violated those rights. See Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011) (case directly on point is not required, "but existing precedent must have placed the statutory or constitutional question beyond debate"); Hanson as Tr. for Layton v. Best, 915 F.3d 543, 548 (8th Cir. 2019) (burden is on plaintiff to identify authority); De La Rosa v. White, 852 F.3d 740, 745 (8th Cir. 2017) (contours of clearly established right must be sufficiently clear such that a reasonable official would have understood his actions violate that right).

Specifically, it was not clearly established that--absent a prior use of unconstitutional excessive force--defendants could be held liable for excessive force based on the failure to decontaminate or the denial of medical care alone. In those cases in which we have held that the failure to allow decontamination or the denial of medical care constituted excessive force, such failures occurred as part of a continuing series of events, beginning with the use of unconstitutional excessive force. See, e.g. Burns v. Eaton, 752 F.3d 1136, 1140 (8th Cir. 2014) ("the few cases where we denied summary judgment in Eighth Amendment excessive force claims based on pepper spraying have involved no warning this force would be used, no apparent purpose other than inflicting pain, use of unnecessary 'super-soaker' quantities of the chemical, refusal to allow the victim to wash off the painful chemical for days, and/or use of additional physical force."); see also Allen v. Mills, No. 1:16-CV-00026-SNLJ, 2018 WL 6171436, at *7 (E.D. Mo. Nov. 26, 2018) (noting

that Burns clarified that the failure to permit a prisoner to wash off pepper spray is a delayed decontamination claim invoking deliberate indifference standards, not an excessive force claim). In the absence of a finding of the use of excessive force, we conclude that defendants were entitled to qualified immunity on the delayed contamination claim.

We further conclude that defendants were entitled to qualified immunity on Martz's claim that they were deliberately indifferent by denying him a decontamination shower and medical care after the pepper-spray incident. See Thompson, 894 F.3d at 997-98. Even assuming that Martz had a serious medical need, the summary judgment record reveals that defendants provided him with immediate access to a sink, towel, and soap in his cell for decontamination. Because such facilities were available, it is not clear that defendants were deliberately indifferent by failing to provide Martz with an immediate shower or other care. See White v. Pauly, 137 S. Ct. 548, 552 (2017) ("[C]learly established law should not be defined at high level of generality. As this Court explained decades ago, the clearly established law must be particularized to the facts of the case. . . . The [lower court] . . . la[id] out excessive-force principles only at a general level.") (internal citations omitted); Johnson v. Leonard, 929 F.3d 569, 576 (8th Cir. 2019) (deliberate indifference is a fact-intensive inquiry and requires a level of culpability even more than gross negligence and akin to criminal recklessness); Davis v. Hall, 375 F.3d 703, 712 (8th Cir. 2004) (officials are not liable for bad guesses in gray areas, but for transgressing bright lines); see also Ward v. Smith, 844 F.3d 717, 720 (8th Cir. 2016) (no constitutional violation in excessive force case when, after inmate's genitals were intentionally pepper sprayed, he had access in his cell to running water but not soap); Burns, 752 F.3d at 1140-41 (no deliberate indifference when prison official was told to shut off water and prisoner was unable to rinse pepper spray out of eyes for 10 minutes).

Accordingly, we reverse the denial of summary judgment based on qualified immunity on the excessive force and deliberate indifference claims, and we remand the case to the district court for entry of judgment in favor of defendants on those claims.

_____